**ROBERT S. SOLA**
Oregon State Bar No. 84454
rssola@msn.com
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 295-6880
Facsimile (503) 291-9172
      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KELLY GARDNER**, | Civil No.                    . |
| Plaintiff, | COMPLAINT |
| v. | (Fair Credit Reporting Act) |
| **EQUIFAX INFORMATION SERVICES, LLC**, a foreign corporation, and **TRANS UNION LLC**, a foreign corporation, | Jury Trial Requested |
| Defendants. | |

1.

      This court has jurisdiction under 15 U.S.C. §1681p.

2.

      Plaintiff Kelly Gardner ("plaintiff") is a consumer as defined by the Fair Credit Reporting

Act (FCRA), 15 U.S.C. §1681a(c).

3.

      Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting

agency as defined by FCRA, 15 U.S.C. §1681a(f).

4.

Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

5.

Several years ago, plaintiff became a victim of identity theft. After she discovered she was a victim of identity theft, plaintiff notified each defendant that she was a victim of identity theft, and requested they remove specific fraudulent information from her credit reports. Each defendant continued to report fraudulent information and violate other provisions of the FCRA. Plaintiff filed a lawsuit pursuant to the FCRA against each defendant to get her credit reports fixed, prevent additional fraudulent information being reported and prevent other violations of the FCRA. Eventually, each defendant provided plaintiff with a credit report that appeared accurate. She dismissed her lawsuit. Plaintiff later discovered that each defendant was again reporting fraudulent information, including information it had previously deleted from her reports because of her previous disputes and lawsuit. She files this action in another attempt to get each defendant to assure the maximum possible accuracy of the information in her credit reports, as required by the FCRA, and comply with the other provisions of the FCRA.

<u>FIRST CLAIM FOR RELIEF</u>

(Negligent Noncompliance with FCRA)

6.

Plaintiff realleges and incorporates paragraphs 1 through 5.

7.

Equifax negligently failed to comply with the requirements of FCRA.

8.

As a result of Equifax's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and

interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

9.

Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

SECOND CLAIM FOR RELIEF

(Willful Noncompliance with FCRA)

10.

Plaintiff realleges and incorporates paragraphs 1 through 5.

11.

Equifax willfully failed to comply with the requirements of FCRA.

12.

As a result of Equifax's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

13.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF

(Negligent Noncompliance with FCRA)

14.

Plaintiff realleges and incorporates paragraphs 1 through 5.

15.

Trans Union negligently failed to comply with the requirements of FCRA.

Page 3 – COMPLAINT

16.

As a result of Trans Union's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

17.

Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

FOURTH CLAIM FOR RELIEF

(Willful Noncompliance with FCRA)

18.

Plaintiff realleges and incorporates paragraphs 1 through 5.

19.

Trans Union willfully failed to comply with the requirements of FCRA.

20.

As a result of Trans Union's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

21.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

Plaintiff requests a jury trial on all claims.

Page 4 – COMPLAINT

<u>Prayer</u>

WHEREFORE, plaintiff prays for judgment against defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.


On All Claims for Relief:

1. Costs and expenses incurred in the action.


DATED this 18th day of March 2010.

Respectfully submitted,

_____
Robert S. Sola, OSB# 84454
rssola@msn.com
(503) 295-6880
(503) 291-9172 (FAX)
Attorney for Plaintiff